WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ecoshield Pest Solutions North DC LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Parker Dixon, <br><br> Defendant. | No. CV-21-01726-PHX-MTL <br><br> **ORDER** |

Plaintiffs Ecoshield Pest Solutions North DC LLC, The Shield Co Marketing LLC, The Shield Companies LLC, The Shield Co Management LLC (collectively, "Ecoshield") filed a Motion for Attorneys' Fees and Costs pursuant to LRCiv 54.2 and 28 U.S.C. § 1447(c). (Doc. 29.) For the following reasons, the Court grants the motion.*

**I.    BACKGROUND**

Ecoshield sells pest control services and hires contractors to sell those services door-to-door. (Doc. 1 at 8–9.) The contractors' Independent Contractor Agreements ("ICAs") contain certain restrictive covenants, including a prohibition on drawing Ecoshield's contractors away from its business. (*Id.* at 9–10.) For the 2021 selling season, Defendant Parker Dixon signed an ICA with Ecoshield to sell its products door-to-door. (*Id.* at 9.) Dixon acknowledged, by signing the ICA, that he had read and understood all provisions of the employment agreement. (*Id.* at 10.) Ecoshield alleges that he persuaded at least five Ecoshield contractors to work with him at a competitor's business. (*Id.* at 10–11.)

---

* Will Clark, a second-year law student at Notre Dame Law School, assisted in drafting this Order.

Ecoshield then sent Dixon a cease and desist letter, requesting that he cease any interference or competition with Ecoshield's business. (*Id.* at 11.) Despite the letter, Ecoshield alleges that Dixon continued his active recruitment of its contractors. (*Id.*)

In September 2021, Ecoshield commenced this action in Maricopa County Superior Court. (*Id.* at 6.) Ecoshield asserts three claims against Dixon: Breach of Contract, Breach of the Duty of Good Faith and Fair Dealing, and Tortious Interference with Contracts/Business Expectancies. (*Id.* at 12–14.) Ecoshield also requested injunctive relief to stop Dixon's alleged continued business interference. (*Id.* at 11–12.)

In the signed 2021 ICA, the parties agreed to submit all claims arising out of the contract to an Arizona State Court in Maricopa County. (*Id.* at 8.) Nonetheless, Dixon timely removed the action to this Court pursuant to 28 U.S.C. § 1441(b) by invoking diversity of citizenship and alleging an amount in controversy higher than $75,000. (*Id.* at 1–3.) In January 2022, the parties filed a Joint Motion to Remand to the Superior Court of Arizona, Maricopa County, with Ecoshield reserving the right to seek attorneys' fees related to the improper removal and Dixon reserving the right to challenge personal jurisdiction. (Doc. 22.) Ecoshield then filed the pending Motion requesting $27,108.50 in attorneys' fees. (Doc. 29 at 1.)

**II.     LEGAL STANDARD**

Upon remand to a state court, the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has significant discretion in awarding reasonable attorneys' fees, yet there is no "presumption" in favor of awarding fees simply because one party improperly removed the case to federal court. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 137 (2005). The award of attorneys' fees should not deter otherwise reasonable removals and should award them "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Bad faith need not be demonstrated as a motive behind the original removal in order for the requesting party to recover attorneys' fees. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). Attempted

removals are "not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Additionally, simply because the removing party later agrees to remand the case to state court does not imply that the initial removal was objectively unreasonable. *Assocs. Nat. Bank v. Erum*, 206 F. App'x. 666, 668 (9th Cir. 2006).

If the Court determines that fees are appropriate, then it has significant discretion in calculating the reasonable fee award. *Moore*, 981 F.2d at 447. The method frequently used to calculate the reasonable fees in a remand case is the lodestar method. *See Env't Rsch. Ctr., Inc. v. Hotze Health Wellness Ctr. Int'l One, LLC*, 850 F. App'x. 572, 573 (9th Cir. 2021). The fees are calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonably hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

### III. DISCUSSION

#### A. Award of Attorneys' Fees

Ecoshield contends that it was not objectively reasonable for Dixon to remove the case to this Court, given that there was a forum selection clause which governed all matters arising out of the employment contract. (Doc. 33 at 2.) Dixon argues that under Ninth Circuit case law, there is at least a non-frivolous claim that the forum selection clause should not be enforced. (Doc. 32 at 7.) Accordingly, this Court considers only whether the removal was objectively reasonable.

As a general rule, a "forum-selection clause 'should control except in unusual cases.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 64 (2013)). This protects the parties' bargained-for expectations. *Id.* Ultimately, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a motion to enforce a forum-selection clause be denied." *Id.* (quoting *Atl. Marine*, 571 U.S. at 62) (internal quotations omitted). In order to qualify as an "unusual" circumstance, the party arguing for the inapplicability of the forum-selection clause must make a

        strong showing that: (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes by deprived of his day in court."

*Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)). Differences in "power or education on a non-negotiated contract will not vitiate a forum selection clause." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004).

        Here, there is no colorable argument that any of the three factors in *Bremen* were met, so there is no reason to treat the forum-selection clause as unenforceable. Thus, Dixon's removal to this Court was unreasonable. First, the record does not show "fraud or overreaching" by Ecoshield. Dixon contends that Ecoshield pressured him into signing the contract, and that he lacked the education and business expertise to adequately protect his own interests. (Doc. 4 at 10.) But this case is similar to *Murphy*, where the Ninth Circuit found that the District Court did not err in enforcing the forum selection clause, despite the fact that the plaintiff only had a tenth-grade education. 362 F.3d at 1141. Dixon has some college-level education from the University of Arkansas and had signed two contracts with Ecoshield before the one at issue. (Doc. 4 at 10; Doc. 33 at 7.) Consequently, there is no reason to believe that Dixon's level of education or business acumen would be below those of the plaintiff's in *Murphy*. Additionally, while Dixon argued in his Motion to Dismiss that he lacked ability to negotiate the contract's terms (Doc. 4 at 10), the Ninth Circuit has made clear that non-negotiable terms are not enough to overcome the presumption in favor of enforcing the forum selection. *Murphy*, 362 F.3d at 1141.

        Second, public policy supports the enforcement of forum selection clauses such as this one, and Dixon presents no compelling argument otherwise. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) ("[E]nforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.") (Kennedy, J., concurring).

        Lastly, insufficient evidence has been presented to show that by enforcing the forum

selection clause, Dixon would effectively be deprived of his day in court. *See Yei A. Sun*, 901 F.3d at 1088. Dixon contends that since witnesses in Arkansas are outside of the Arizona courts' subpoena power, he would need to reimburse them for all travel expenses, as well as his own, which would bar him from being able to effectively defend himself. (Doc. 4 at 11.) A conclusory statement that a party does not have the resources to litigate in a certain forum is not sufficient to overcome the high burden imposed by the *Bremen* factors, however. *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 869 (9th Cir. 1991) (denying party's request to avoid forum selection clause, as he "not only failed to produce evidence of inconvenience he would suffer by being forced to litigate in [the forum], he has failed even to offer any specific allegations as to travel costs . . . or his financial ability to bear such costs and inconvenience."). Moreover, even travelling to a foreign country to abide by a forum selection clause does not deprive the movant of his day in court if there is only "scant and conclusory information presented." *Id.* Here, Dixon has not presented sufficient evidence to show how having witnesses travel to Arizona to litigate would be prohibitively burdensome for him. Thus, there is no basis to conclude that the forum selection clause would truly deprive Dixon of his day in court.

**B.      Reasonableness of the Attorneys' Fees**

Having determined an award of attorneys' fees appropriate, the Court will now determine the reasonable hourly rate and number of hours reasonably expended to determine the fee award. Dixon argues that Ecoshield's requested fees of $27,108.50 are unreasonable, as "there appears to be considerable duplication of effort" in the billed work. (Doc. 32 at 11.) Ecoshield responds that the billing does not have any duplication of work, the hourly rates charged are reasonable, and Dixon is unable to elucidate concrete examples of where work may be duplicated. (Doc. 33 at 8–9.)

When a statute provides for a fee-shifting arrangement, as 28 U.S.C. § 1447(c) does, the Court must utilize the lodestar method to calculate the fees to be awarded. *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). The District Court is required to "provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461

U.S. 424, 437 (1983). The lodestar calculation is made by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc*, 523 F.3d 973, 978 (9th Cir. 2008). In a motion for attorneys' fees, the party petitioning for attorneys' fees bears the burden of establishing entitlement to an award by submitting detailed time records justifying the hours expended. *Hensley*, 461 U.S. at 437.

### 1. Related Claims

First, Ecoshield is only entitled to attorneys' fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). Dixon does not contend that any of the billed time is unrelated to the issue of improper removal. Additionally, in its review of Ecoshield's time sheets, the Court does not find any time entries unrelated to contesting the removal. (Doc. 29-2.)

### 2. Reasonable Hourly Rate

In determining the appropriate hourly rate for the fees, the Court should not base its determination on the rates actually charged by the party, but rather it "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). In determining a reasonable rate, "the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Additionally, the Court must use the prevailing rates in the market that were in effect within two years of the services being performed. *Bell v. Clackamas Cnty.*, 341 F.3d 858, 869 (9th Cir. 2003).

The six attorneys for Ecoshield charged between $300 and $400 per hour, which they contend is their "standard hourly rate for this type of litigation." (Doc. 29 at 5–6.) Dixon does not contest the reasonableness of the rates. (Doc. 32.) Moreover, attorney of record for Ecoshield, Alexander R. LaCroix, submitted an affidavit discussing the qualifications and rates of each attorney that worked on the case, and further asserted that these rates are "at or below the hourly rate" for similarly qualified attorneys. (Doc. 29-1, at 3, 4, 5.)

Other cases in this District have held that similar rates are reasonable for the purpose of calculating fee awards. *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2021 WL 3400608, at *7–8 (D. Ariz. July 20, 2021) (holding that fees of $350 to $400 per hour are reasonable); *Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-01532, 2021 WL 5961645 at *4 (D. Ariz. Dec. 16, 2021) (holding that fees of $460 per hour are reasonable). Based on the above, the Court finds the hourly rates charged by Ecoshield's counsel to be reasonable.

### 3. Number of Hours Reasonably Expended

Having confirmed the reasonableness of the hourly rates, the Court must now determine the reasonable number of compensable hours. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The Court should exclude any time that is "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

After reviewing the time entries in detail, there are two time entries which are non-recoverable by Ecoshield's counsel. Counsel claimed 1.9 hours to "[r]eview and analyze fees incurred since removal in order to identify which fees are related to each pleading/order to prepare affidavit." (Doc. 29-2 at 10.) Additionally, Counsel claimed 0.2 hours to review a spreadsheet from the Director of Accounting regarding the hours spent on the remand issue. (Doc. 29-2 at 9.) Tasks that are clerical in nature are not recoverable as part of a reasonable fee award. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (concluding that clerical tasks, such as document organization, should be "subsumed in firm overhead"). These two entries constitute clerical tasks and organization of time entries, rather than substantive legal arguments of the removal. As such, the Court will reduce the total allowable time to be recovered by 2.1 hours.

### 4. Lodestar Figures

In total, the hourly billing rates charged by Ecoshield's counsel and counsel's staff are reasonable. After the Court's deduction of hours not reasonably expended, Dixon will be charged for 81.10 hours of Ecoshield's counsel's time. Under the lodestar method, the

Court multiplies the number of hours expended by the timekeeper's reasonable hourly rate:

| Timekeeper | Rate | Hours Expended | Total |
|---|---|---|---|
| ARL | $350 | 26.40 | $9,240.00 |
| DCO | $315 | 27.70 | $8,725.50 |
| NCS | $315 | 12.90 | $4,063.50 |
| RRB | $400 | 1.60 | $640.00 |
| EBG | $315 | 4.40 | $1,386.00 |
| AKL | $300 | 8.10 | $2,430.00 |
| | | **Lodestar Figure** | $26,485.00 |

Accordingly, Ecoshield is entitled to $26,485.00 in attorneys' fees. The Court has itemized its reductions to Ecoshield's fee award in the spreadsheet attached as an appendix to this Order.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Ecoshield's Application for Attorneys' Fees (Doc. 29) is **granted**.

**IT IS FURTHER ORDERED** Dixon shall pay $26,485.00 in attorneys' fees to Ecoshield within 30 days from the date of this order.

**IT IS FINALLY ORDERED** Ecoshield shall file a notice of satisfaction within 7 days of receipt of the full amount of attorneys' fees as outlined in this Order.

Dated this 13th day of June, 2022.

Michael T. Liburdi
United States District Judge